# Taylor's Estate.

*Decedents' estates—Family settlement—Evidence—Findings of fact—Appeals.*

In proceedings by the substituted trustee of a decedent's estate to recover a fund which the trustee alleged passed to his decedent under her husband's will and was her property at the time of her death, where there were findings of fact by an auditor supported by competent evidence, that under a family settlement joined in by all parties interested in the husband's estate, the fund had been placed in trust for the benefit of the widow during her life in consideration of her agreement to release her interest in certain other assets, and a recommendation was made that the claim be refused, a decree dismissing exceptions to the auditor's report was affirmed.

Argued March 14, 1916. Appeal, No. 381, Jan. T., 1915, by John Ferguson, Trustee, from decree of O. C. Susquehanna Co., Jan. T., 1901, No. 2, dismissing exceptions to report of auditor, in Estate of Cornelia B. Taylor, Deceased. Before MESTREZAT, POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Exceptions to report of H. A. Denney, Esq., auditor. Before SEARLE, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

The court dismissed the exceptions. John Ferguson, trustee, appealed.

*Errors assigned* were in dismissing the exceptions.

*Wm. A. Skinner,* for appellant.

*John D. Miller,* with him *Allan D. Miller* and *A. B. Smith,* for appellee.

PER CURIAM, April 17, 1916:

The fund in dispute is $13,703, and originally was part of the estate of David Taylor, deceased. In 1886, after his death, it was invested in certain securities by A. J. Schlager, as attorney or trustee, to cover the payment of fifty dollars a month to his widow, Mrs. Cornelia B. Taylor, during her life. It is claimed by the appellant, a substituted trustee under the will of Mrs. Taylor, that, under David Taylor's will, the fund passed to his widow at his death in 1873 and was her property at the time of her death in 1898. The appellees, the three children of David Taylor and Mrs. Taylor, allege that under his will the widow took but a life interest in the estate of her husband with the remainder to them. This question is not controlling and becomes unimportant in view of the finding of the learned auditor that the fund was disposed of by a valid family settlement made in 1886 by the widow

and the children of David Taylor and his wife, the only parties interested in his estate.   Mrs. Taylor left to survive her a child by a former marriage who is a legatee under her will, and has a contingent interest in her residuary estate.

It appears that letters of administration with the will annexed on the estate of her husband were granted to the widow and that she filed a final account in 1886.   There was a conference of the widow and three children of David Taylor shortly prior to September 1, 1886, at which the division of David's estate was discussed, and on the eighth of that month there was a final meeting and, as the auditor finds, a division of the estate was made among the widow and those children.   The auditor finds "that it was then agreed that there should be turned over to Cornelia B. Taylor assets of the value of $5,000 and that the balance of the property (of her deceased husband) should be divided equally among the three children, they agreeing on their part to pay Cornelia B. Taylor the sum of $50 per month during her lifetime." The auditor further finds "that on September 8, 1886, at the time this fund (in dispute) was placed in the hands of A. J. Schlager as attorney or trustee there was a complete settlement of the estate of David Taylor; Cornelia B. Taylor having released any and all interest that she might have had in these assets and that this fund was then turned over to A. J. Schlager by the three children of David Taylor for the purpose of securing the payment of $50 per month to their mother, as previously agreed between Cornelia B. Taylor and the three children."   We agree with the learned court below that these findings of facts are abundantly supported by the testimony. The appellant contends that two of the witnesses called by the appellees to support the auditor's findings were incompetent, and this alleged error is the subject of the seventh assignment.   If the testimony of these witnesses be excluded, the documentary evidence and testimony of

other witnesses, to which there was no objection, will sustain the auditor's findings, which require us to dismiss the appeal.

Decree affirmed.